MAILED

RE: 14-15-00145-CR; Partshell-Brief

David E. Sweed

TEXAS, vs

14th Court OF Appeals

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
AUG 4 2015
CHRISTOPHER A. PRINE
CLERK

I, Movant, to the Fourteenth Court OF Appeals,

I receive your letter (Exhibit, 1) notifiying me of the date in my brief on July 29, 2015, some 34 day late, Post-mark June 25 2015, I, David E. Sweed sent a letter to the trial court on June 22 2015, Requesting a hearing date as I was instructed to do in your letter send to me may 20, 2015, stating I have the responsibility to write the trial court for a hearing date seeking reinstatement I, did as I was instructed to do, and was denied By the Trial court. As you can see by the letter Tammy Brauner (Exhibit 2) sent me July 8, 2015, Suppressing the date on which my brief needed to be turnin. I, David E Sweed, Request Mercy and a fair Chance to Plead my case that in the interest of Justice, Also is a I-60 I mate Regust to Official, (Exhibit 3,) from the Unit Mail Room Stating the date the letter was brought to me while on lock-down by S. Dockery, also as the Judge order for the record to be giving to me, have not been fully comply with; There are very extremely important necessary document being suppress by Trial Court Prosecution Office and Sheriff department investigators such as, Medical record from William County, Tape's, Readen note's and statement's, as well as copies of interviews done to all the Sweed female at Scotty House in Bryan Texas and in Williamson County, Which has been founded to exsis through the

Preponderance of the evidence-in Report's Record, I have put foreward a Second motion in description item missing in a Motion for correction of Remediable Errors, This Second Motion Movant Pray will complete the Judge Order that was to be comply with, under Texas Rule of Appellete Precedure, Rule 44.4 (Abate) I, David E. Sweed, also bringing to this Court attention a handwritten letter, Suppress by Trial court Prosecution from Lois M. Ray-Filed at 9:12, AM, March 13, 2007 stating the Plot that been conspired against Mr Sweed; In the (Clerk's Record, NO. 14-15-00145-CR, Distict Court No. 14.90°, Filed in 14th Court of Appeals, Hou-Tx on 3-24-2015; 10:39 AM, in Volume 1, on Page 4, A letter by Lois M. Ray, Of a Conspiracy to Obstruct justice, State Prosecution Suppressing of this favorable evidence from the jury (comitted act of fraudulent concealment, "Brady Violation) If defense was allowed to present that favorable evidence. (the first letter from Lois. M. Ray, It could reasonably be taken to put the whole case in such a different light as to undermine confidence in the Verdict, Brady Violation- U.S.C.A. Const Amends 5, 14th Amend, I, David E. Sweed, Now bring the Court's Attention to Newly Discover Evidence, A SWORN-AFFIDAVIT, by Truman Sweed, to whom Tierika Griffin referring to as

Her daddy, in the reportter's (report) Record, Volume 3 Page 76 on Line 13 proof of perjury statement, An Oath Before Notrary Public, By Truman Sweed on the 24th of July 2015, in Grime County- I now move the Court attention to a Clear Copy with "8" Clear See-able Photo on reason for Reconsideration, ( Respectfully Submitted on the 3rd day of August 2015 ) Signed David Earl Sweed #01457548

### Prayer

Wherefore Premises Considered, Petitioner prays this Honorable Court will in the interest of justice invoke Movant Mr Sweed's right's to the Protection guaranteed Mr Sweed by the 5th, 6th, and 14th Amendments of the U.S. Constitution and Texas 1 § 10; thus vacating the judgment and granting an acguitral; Humbly Submitted on the 3rd day of August 2015 Signed David E Sweed

### CERTIFICATE OF SERVICE

I, David Earl Sweed, hereby certify that I couse to be served a true and correct copy of the foregoing, Part shell Brief on the Fourteenth Court OF Appeals at 301 Fannin St, Suite 245 Houston, Texas, 77002, Via First Class U.S. Mail on the 3rd day of August 2015, Signed David E Sweed, T.D.C.J. 01457548, Neal Unit 9055 Spur 591, Amarillo-Texas 79107.

The State of Texas                                    Fourteenth Court of Appeals
vs
David Earl Sweed                                      Houston, Texas   77002
Case # 14-907


## Motion for Correction of Remediable Errors
### Texas Rule of Appellate Procedure Rule 44.4, (Abate)


Comes now, Movant, David Earl Sweed, Pro-se, to file this his motion for corr-correction of remediable errors in order to draft a true and correct brief for DNA testing in order to prove my innocence.  The Prosecution has not released all drafts, reports, or copies of medical examinations as well as a copy of Mary Laskoskie the investigator for Washington County report and recording. Through the preponderance of the evidence in the Reporter's Record(RR) Volume 3, page 13, Line 1-5; Lines 1-2 stated, an opportunity to meet someone by the name of Jerline Griffin or Jerline Blanding on February 8, 2007, A-- (Line 3) Yes, I did.  Q- (Line 4) And where did that meeting happen?  Q- (Line 5)  Me and Investigator Hane drove to Round Rock to meet with her at her residence. A- (Line 9-10)  After speaking with her it confirmed a lot of the information that we already had.

She went into details:  I, Movant, request a copy of this information Mrs. Laskoskie already had and a copy of the details Jerline Griffin/Blanding wnt into.;  A- (Line 19)  Then we set up an appointment with Scotty's House, which is a Child Advocacy Center in Bryan.  A- (RR Pg 15, Line 14) All of the female children were interviewed by Nick Canto who is the forensic interviewer down there at Scotty's House.  I request copies of all of the female interviews con-ducted that day. Q- (RR Pg 15, Line 20) Okay and when you say examination, are you talking, (Line 21) about a sexual assault examination?  I request a copy of SANE Nurse examination, a copy of the report on the condition of the hymen, as well as copies of the results of the colposcope test.  A- (RR Volume 3, Pg 16, Line 4-5)  After the interview with Mr Canto at Scotty's House the evi-dence that was presented originally;  I request a copy of this original evi-dence Mary Laskoskie is speaking of on Lines 4 and 5.  (RR Vol 3 Pg 18, Line 16-25); Cross-examination by Mr. Glover of Mrs. Laskoskie.  I request a copy of the interview with Williamson County that is referred to on Line 24;  Also, I request to review the tape referred to on Line 20 of Page 20;  I request a copy of the Incident Report referred to on Page 22, Lines 15 & 16;  On Page 23, Lines 1-25 I request a copy of the tape to review that was done in Williamson County referred to on Lines 24-25 by Mr. Glover to Investigator Laskoskie; Cross-examination by Mr. Glover of Tierika Griffin on RR Volume 3 Page 85, Lines 21-25.

Fed. R. App. Proc. 37.01(3)  Definitions;  "Statement" means any representation of fact.  "The jury took these panties as a fact."  V.T.C.A. Penal Code §32.21 also §32.21(a)(2) "Forgery" is any form of intent to defraud or intent to harm as harm is defined by §1.07(a)(25) (Chapter 1) §1.07(9)(C) to accuse a person of any offense.  (T.P.C.) Sec 37.03 & 71.01(b)  Perjury by false record and 37.09(a)(2), Tampering with or Fabricating Physical evidence, also 36.05(a)(2) Tampering with witness/coerces a witness.  The test of colposcope will prove the above violation.

Direct examination by Ms. Muller of Jerline Renee Griffin. (RR Volume 4, Page 15, Lines 13-24, on Line 21) checked Tierika's stuff and Tierika had discharge in her panties; I request D.N.A. testing of the panties referred to on Line 21 to identify by name the substance in the panties and do the DNA match Tierika's only or others besides Tierika. A- (Volume 4, Pg 16, Line 24-25) Jerline answers; First I got the Round Rock Police Department involved in it and I took her to the doctor. Like I took her like two to three times; I, Movant, request a copy of the doctor's report referred to on Lines 24-25.

Cross-examination by Mr. Glover of Jerline Griffin Q- (RR Volume 4 Pg 22, Lines 9-25) Q- (Lines 9-10) Did the investigator do a written statement? A- (Line 10) Yes. Yes, Sir; I, Movant, request a copy of this statment referred to on Lines 9 and 10; Same on Lines 17-23 a copy of whatever the investigator was writing down at this point proffer on Lines 21, 22, and 23; also a copy of the report the hospital gave Williamson Police Department of three times Jerline took Tierika to the doctor; The D.N.A. testing of the panties with the records requested above can prove my innocence.

## UNSWORN DECLARATION

I, Movant, David Earl Swee, #01457548, being incarcerated at the Nathaniel Neal Unit in Potter County, Texas declare under penalty of perjury according to my knoledge the foregoing is true and correct.

Executed on this __3__ day of _August_, 2015 _David Earl Sweed 01457548_

David Earl Sweed   #01457548

## CERTIFICATE OF SERVICE

I, Movant, David Earl Sweed, hereby certify that I cause to be served one true and correct copy of this Motion on the Fourteenth Court of Appeals by First Class U.S. Mail at 301 Fannin Street, Suite 245, Houston, TX 77002 of the above Motion for Correction of Remediable Errors Under Rule 44.4.

Signed this __3__ day of _August_, 2015

Respectfully Submitted, _David Earl Sweed #01457548_

David Earl Sweed   TDCJ # 01457548
9055 Spur 591, Neal Unit
Amarillo, Texas  79107-9696

## PRAYER:

Movant humbly prays that this honorable Court grant the above Motion so that justice may be served and that my innocence be proven.

Signed this __3__ day of _August_, 2015

Respectfully Submitted, _David Earl Sweed 01457548_

David Earl Sweed   TDCJ #01457548
9055 Spur 591, Neal Unit
Amarillo, Texas 79107-9696

# SWORN AFFIDAVIT

I, _TRUMAN SWEED_, being duly sworn declare under penalty of perjury that the foregoing instrument is true and correct:   I am a witness to the following truth. At no time did Tierika Griffin come to me Truman Sweed and show me her leg bleeding with a cut of any kind and I put a bandage over the cut; Never, did this happen.  As to what she testified in court, it is just not true.

Respectively Submitted _Truman Sweed_

## OATH BEFORE NOTARY PUBLIC

State of Texas, County of _Grimes_ being duly sworn under oath says that he is the applicant in the statement above and knows the content of the statement according to this belief and personal knowledge of the fact stated in the above statement is true and correct.

Respectfully submitted _____

Subscribed and sworn to before me this _24th_ day of _July_ 2015.

_____
Signature of Notary Public

DAVID E. SWEED,

        PETITIONER.

    vs.

RICK THALER, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE CORRECTIONAL DIVISION
DIRECTOR,

        RESPONDENT.

§
§
§
§
§
§
§
§
§
§



*Fourteenth Court of Appeals*
*Houston, Texas 77002*

## RESPONSE MEMORANDUM

PROOF THAT SHOWS JERILIN GRIFFIN COMMITTED PERJURY IN THE AFFIRMED AND MEMORANDUM OPINION FILED OCTOBER 30, 2008. IN THE FOURTEENTH COURT OF APPEAL. ON PAGE 2, LINE 14, SAYING THE INCIDENT HAPPENED 20 YEARS AGO. THIS IS NOT TRUE; IT IS A LIE. ON PAGE 4, LINES 11 & 12, SHE WOULD HAVE TESTIFIED THAT APRIL GRIFFIN HAD DATED CRAIG SWEED IN 1987; THAT IS A LIE ALSO. APRIL, THE MOTHER OF COMPLAINANT, AT THAT TIME IN 1987 WAS ONLY 5 YEARS OLD. APRIL WAS BORN IN 1982. MY STEPDAUGHTER DID NOT KNOW CRAIG SWEED AT THAT TIME. ON LINE 14, MS. GRIFFIN LIED ONCE AGAIN SAYING SHE WAS ARRESTED BECAUSE SHE WAS DRIVING THE VEHICLE, HOWEVER, SHE WAS NOT YET OLD ENOUGH TO DRIVE A VEHICLE. ON PAGE 4, LINE 17, MS. JERILIN GRIFFIN LIED BY TESTIFYING THAT SHE HAD NO CONTACT WITH CRAIG SWEED IN 15 YEARS. HER ARREST RECORD WILL SHOW THE TRUTH. MS. GRIFFIN KNOWS HOW OLD SHE WAS IN 1987. THOSE LIES WERE PRE-MEDITATED TO SWAY THE COURT. ONE LIE LOOKS BAD, FOUR IS A DELIBERATE PLAN OF DECEPTION. SHE DEMONSTRATED A BLATANT DISREGARD FOR THE TRUTH. SHE CONSPIRED TO MISLEAD THE COURTS. MS. JERILIN GRIFFIN HAS PERJURED HERSELF UNDER OATH AND SHOULD BE PROSECUTED UNDER TEXAS PENAL CODE 37.03 FOR AGGRAVATED PERJURY, THUS RENDERING RELIEF SOUGHT BY PETITIONER BECAUSE THE JUDGMENT IS "VOID." HER PERJURY LED TO A DIRECT "MISCARRIAGE OF JUSTICE." AGGRAVATED PERJURY UNDER TEX. PEN. CODE 37.03 ALLEGES THAT A DECLARANT HAS MADE STATEMENT(S) UNDER OATH OF WHICH CANNOT BE TRUE; COUNSEL NEED NOT PROVE WHICH IS FALSE AT TRIAL, ONLY THAT ONE WAS MADE. SEE HAFDAHL vs. JOHNSON, 251, F.3d. 528 (5th CIR. 2001); CASTELLANO vs. FRAGOZO, 352, F.3d. 939 (5th CIR. 2003). THE RELIEF SOUGHT IS DUE THE PETITIONER UNDER THE LEGAL CONTROLLING PRINCIPLES GUARANTEED UNDER THE 5th, 6th, & 14th AMEND. OF THE U.S. CONST. WHICH INSTRUCTS THUS: STATEMENT(S) THAT ARE KNOWINGLY FALSE, EXHIBIT A RECKLESS DISREGARD FOR THE TRUTH, MUST NOT BE USED BY THE MAGISTRATE JUDGE TO DETERMINE PROBABLE CAUSE, Id at 171, a7. PETITIONER FURTHER CONTENDS THAT THE FALSE STATEMENTS MADE BY MS. JERILIN GRIFFIN HAS RESULTED IN HIS BEING DEPRIVED OF HIS LIBERTY BY VIRTUE OF A FALSE IMPRISONMENT ACT IMPOSED UPON HIS PERSON BY THE STATE. SEE TEXAS CONSTITUTION, ARTICLE 3, § 51-C. *Sign David E Sweed on*

*August 3, 2015*     (1)

**Fourteenth Court of Appeals**
301 Fannin, Suite 245
Houston, Texas 77002

Exhibit 1,



OFFICIAL BUSINESS
STATE OF TEXAS
PENALTY FOR
PRIVATE USE

Receive July 29, 2015
9:00 AM JCN
from Clerk, While on Lock down.

U.S POSTAGE >> PITNEY BOWES

ZIP 77002 $ 000.49⁰
02 1W
0001378733 JUN 25 2015

RE: 14-15-00145-CR
David Earl Sweed
#01457548

Neal Unit
Mailroom
9055 Spur 591
Amarillo, TX 79107

**Tammy Brauner**
District Clerk
Washington County
100 East Main Street
Suite 304
Brenham, Texas 77833-3753

Exhibit 2.
Letteh in side

Receive on the 17 day of July 2015

KN

from Mail room
Sign for, there
David C Sweed

DAVID EARL SWEED #01457548

Neal
9055 Spur 591
Amarillo, Tx.
79107

US POSTAGE >> PITNEY BOWES

ZIP 77833
02 1W
0001401933 JUL 08 2015
$ 000.48⁰

IN HOUSTON
TX 773
PM 9 L

731079369599

RE: 14-15-00145-CR

Motion Requesting a Hearing Date.

Exhibit 2.

David Earl Sweed

vs

The State of Texas

§ Fourteenth Court of Appeals
§ Houston, Texas, RE: No. 14-15-00145-CR
§ 21st District Court of Washington County
§ Trial Court Case Number 14,907
§ Brenham, Texas, 77833.

I, David Earl Sweed, Certify, that I am making a formal Request, to the trial Court in case No. 14,907, Requesting a hearing date from the trial Court and to schedule a hearing in compliance with the Order from the Fourteenth Court Of Appeals in RE: 14-15-00145-CR; Respectfully submitted on the 22nd day of June 2015. Signed David E Sweed
David E Sweed

DENIED.
THE HEARING
OCCURRED & YOU
WERE PRESENT
6/25/15

"Certificate Of Service"

I, David Earl Sweed, hereby certify that I cause to be served a true and correct copy of the foregoing Motion Requesting a hearing date Of the Clerk of the 21st District Court of Washington County at 100 East Main Street, Suite 304, Brenham Texas 77833-3753 Via First Class U.S. Mail on the 22nd day of June 2015 Signed David E Sweed TDCJ#01457548, at 1206, Old Independence road, Brenham, Texas 77833, Washington County Jail, 24 B

Sign David Earl Sweed,
David Earl Sweed

COPY

FILED
AT 9:14 O'CLOCK a M

JUN 25 2015

TAMMY BRAUNER
District Clerk, Washington County
By_____ Deputy

**SUBJECT:** State briefly the problem on which you desire assistance.

Dear Warden, My Name is David E Sneed and I have legal work in process as you read this at L-60, at intake Your officer took all 9 of my envelope stamp I need to write the court soon as possible, is where any way I can Buy I get some stamp envelops from commissary before next week, Jim is ay the up most important. Thank you for considering my request

Sincerely, David E Sneed

TO: Warden

_(Name and title of official)_

ADDRESS: _____

Bug op

Name: David E Sneed

Living Quarters: C, 77

No. 0145548

Unit: Holiday Unit

Work assignment: None.

**DISPOSITION:** (Inmate will not write in this space)

9. PHOTO     RE: 14-15-00145CR

Exhibit     14th court

A-H.        Appeals

"Legal Mail"  "also for Reconsideration
              Motion, as well."

              Tr.ct. 14.904



# Washington County
# Official Public Records

*Exhibit* **M.**



Time:
4:26:50 PM
Wednesday,
July 16th



**Help**

| | |
|---|---|
| Home | |
| About Us | |
| Land | |
| Marriage | |
| Birth | |
| Death | |
| Military | |
| Support | |

Birth Record Detail

| | | | |
|---|---|---|---|
| Inst. No. | 17339 | File No. | O/9784 |
| Volume | | Page | |

Child

| | | | |
|---|---|---|---|
| Name | APRIL DESHAUN GRIFFI | | |
| Date Of Birth | 4/1/1982 | Sex | - |

Parents

| | |
|---|---|
| Father | - |
| Mother | - |

Washington County database was updated on 7/15/2014

© 2008 Edactec. All Rights Reserved





# Washington County
## Official Public Records

*Exhibit M*

Time:
4:33:50 PM
Wednesday,
July 16th



[Login]   [View Cart]

Help

Home

About Us

Land

Marriage

Birth

Death

Military

Support

**Birth Record Detail**

| | | | |
|---|---|---|---|
| Inst. No. | 20082 | File No. | O/7952 |
| Volume | | Page | |

Child

| | |
|---|---|
| Name | JERLINE RENA GRIFFIN |
| Date Of Birth | 11/14/1978 | Sex | - |

Parents

| | |
|---|---|
| Father | - |
| Mother | - |

Washington County database was updated on 7/15/2014

 © 2008 Edoctec. All Rights Reserved



<u>Certificate of Service</u>

I, *David E Sweed*   , humbly request permission from the court to serve one original copy to the clerk of the court in order to make the necessary copies to be served upon the appropriate parties, whom will participate in the hearing.


       Respectively Submitted,


       *David E Sweed 01457548*

       David Earl Sweed, #01457548
       Nathaniel J. Neal Unit
       9055 Spur 591
       Amarillo, Texas  79107

Court of Criminal Appeals
Of Texas
P.O. Box 12308
Austin, Texas 78711

David E. Sweed
     petitioner
V.
William Stephens
Director of TDCJ- Respondent

Civil Action No
A-10-CA-393-LY

MOTION FOR RECONSIDERATION
Pursuant to Fed. R. Civ. P.-28§2244(c)(d)(1)(2)
                               28§2254(a)(d)(1)(2)

Now comes David E. Sweed, petitioner, in the above numbered cause, brings this his Motion for Reconsideration pursuant to Fed. R. Civ. P.-28§2244 and will show the Court the following: 28§2254(a)(d)(1)(2)

1.)

Pursuant to slack v. McDaniel, 529 U.S. 473,484 120-S.CT.1587, 146 L. Ed. 2d. 542 (2000) at 1604, a slightly different standard applies when claims are dismissed on procedural grounds; in that instance a petitioner must show, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling (emphasis added).

Petitioner maintains his Actual innocence and will proceed to show the Court mitigating facts that stemmed/existed from the very beginning of the case, petitioner alleged that Counsel failed to properly investigate the alleged crime scene, the alleged victim testified that petitioner had only abused her one time that she could remember and what she remembered was petitioner had taken her into the garage of his home located at 19021 Sweed Road in the city of Washington, Washington County Texas.

The alleged victim testified that petitioner had held her down with one hand and used the remote-control garage door opener to close and lock the door.

Petitioner insisted that counsel go to the home where he would discover the garage at the residence does not operate with a [garage door opener] as testified to by the alleged victim.

To support this claim petitioner presents newly discovered evidence that supports previously submitted evidence that counsel suppressed/or failed to disclose/or investigate.

2.)

Petitioner asserts that consel could have never presented a sound trial defense, where he failed to disclose exculpatory, mitigating favorable evidence, evidence that he could have used to impeach, and or prove bias, or interests of witnesses relevant to the credibility thereof, violating petitioner's 5th, 6th, 14th U.S. Constitutional Rights.

2.

Petitioner points the courts attention to the record but reminds the court he is not entitled to the record, so he relies solely on his memory.

The states witness alleged with certainty not doubt that petitioner had held her down with one hand and **used the remote garage door opener to open then close and lock the door**. The door is approximately 7 feet in height and he would most certainly have to use two hands to bring the door down.

However, evidence clearly suggests he used a garage door opener where one has never existed.

As petitioner stated, counsel could have never presented him with a sound trial defense that allowed petitioner to be convicted by insufficient evidence.

3.)

Material evidence favorable to defendant has been discovered since and/or during trial but too late to raise at trial, investigate, or marshal evidence thereon. New trial should be granted under T.C.C.P. sec.40.001.

Due process due course of law and equal protection require granting a new trial under such circumstances, see U.S. Constitutional Amendments 5, 6, 9, 10, and 14 Tex. Const. Arts. - 1 sec. 11, 13, and 19 T.C.C.P. Arts. 1.04, further the evidence is mitigating: see Milburn v. State, 15 S.W. 2d.267 (Tex. App.-Hou [14th] 2000) No Pet; State v. Gonzales, 855 S.W. 2d.692 (Tex. Cr. App. 1993). Moreover, the new evidence 1.) was unknown or unavailable to defendant at the time of trial or too late during trial to use, investigate or marshal needed evidence on 2.) is admissible and not merely cumulative, corroborative, collateral or impeaching 3.) the new evidence is probably true and would probably bring about a different result on another trial, and 4.) failure to discover or obtain same was not due to a lack of diligence.

[Counsel] suppressed facts or secreted witnesses capable of establishing petitioner's innocence T.C.C.P. Arts. 2.01 and 2.02 Duggan v. State, 778 S.W. 2d. 465,468 (Tex. Cr. App. 1989); Rougeau v. State, 738 S.W. 2d 651,657 (Tex. Cr. App, 1987) over-ruled on other grounds, Harris v. State, 784 S.W. 2d. 5(Tex. Cr. App. 1989). Also see Brady v. Maryland and its Federal and Texas progeny. This includes evidence favorable to the accused, exculpatory, impeaching, showing bias or interest of, witnesses relevant to the credibility thereof or otherwise relevant or helpful to cross-examine and/or confront such witnesses and inculpatory evidence, or mitigating of the degree or the offense or punishment. Brady Supra, U.S. v. Bagley, 473 U.S. 667 (1985); Pennsylvania v. Ritchie, 480 U.S. 39,107 S. CT. 989 (1987); Kyles v. Whitley, 115-S.CT. 1555 (1995).

Petitioner asserts that tenable actual innocence-gateway pleas are rare, and a petitioner does not meet the threshold requirements "unless" he persuades a district court that, in light of the new evidence, no juror, acting reasonably would have voted to find him guilty beyond a reasonable doubt. Mcquiggin v. Perkins, 185 L.Ed. 2d-1019; (2013), The United States Supreme Court has recognized that a prisoner otherwise subject to defenses of abusive or successive use of the writ of habeas corpus may have his federal constitutional claim considered on the merits if he makes a proper showing of actual innocence. In other words, a credible showing of actual innocence may allow prisoner to pursue his constitutional claim on the merits not withstanding the existence of a procedural bar to relief.

3.

Petitioner presents eight (8) Exhibits marked A - H photographs of the alleged crime scene garage located at 19021 Sweed Road. The photos are evidence of the garage externally and internally as it appears in its original state. Each photo is marked on the reverse.

Chronological Order of Relevant facts:
1. The home was originally built for petitioner's parents in 1996.
2. The home was completed in the year of 1997.
3. Petitioner moved into the home that same year.
4. The [garage] of the home was never fully completed, see: Exhibit A is the exterior of the garage door (there is "no" locking device installed on the door). The panels have not been disturbed; the bottom right hand corner of the door is (recently sustained damage).

In Exhibit B the Court will notice there is a young individual standing in the photo, and the Court should view Exhibits E, F, G, H as the young individual is demonstrating that the garage door is opened **"manually" and not by a remote-control garage door opener** as it was testified by the States key witness/alleged victim.

In petitioner's Exhibit D, the photo shows what contractors call the overhead header of the garage door from the interior view. As the Court views Exhibit D it will notice that the photo's center has an ink drawn box; this box indicates the never installed center bracket that aids holding a spring loaded tension bar that aids in raising and lowering the garage door. The tension bar extends left to right across the top of the door; it was never installed.

In Exhibits G and H it is being demonstrated that there is a 2x4 board attached to the ceiling of the garage serving as a (bumper) of sorts to prevent the door from coming off the track and crashing down. See Exhibit G. If a garage door opener had been installed there would be no need for the 2x4 or 1x4.

In Exhibit H notice there is a second board 1x4 plank attached to the ceiling, attached to serve as a pressure brake support that applies pressure to the door upwards holding the door in position with the aid of the young individual. As the Court can see by the Exhibits there is "no" **garage door opener or lock** on this door. Exhibit C, internal side of the door, shows there is no locking device on this door. As petitioner has claimed from the very beginning, this incident never occurred.

Petitioner also presents three (3) additional sworn affidavits from three individuals labeled Exhibits I, J, K.L (Exhibit L. House-address & Garage Apt., 19021 Sweed Road, Washington Texas 77880)
1. Raven Anderson, who was raised in this very home, has resided in the home to the present date, and is a credible outstanding citizen in her community
2. Truman Sweed is petitioner's brother who assisted in the building of the home and is a General Contractor.
3. Marilyn Smith is petitioner's sister who has resided in the home, but is now living in Harris County.

All of these witnesses including witnesses who submitted affidavits back in 2010 could provide accurate testimony as to the type of home the residence is and its overall condition.

This rule, or fundamental miscarriage of justice exception, is grounds in the equitable discretion of habeas courts to see that federal constitutional errors do result in the incarceration of innocent persons.

Petitioner has asserted that he is actually innocent of this offense and maintains his innocence that has resulted in a [Miscarriage of Justice] as his counsel refused to establish the facts supporting petitioner's innocence.

The United States Supreme Court has applied the miscarriage of justice exception to overcome various procedural defaults . . .

Petitioner believes that had the jurors heard the testimony from the witnesses writing the sworn affidavits, saw the photo exhibits of the alleged garage/location of assault, and/or were allowed to hear the states witness Jerlin Griffin testify during cross-examination as to why she hates the entire Sweed family which the Trial Court suppressed, surely the jurors would have determined that his witness was in fact bias and had a personal interest to prejudice petitioner. It is quite clear that the states star witness Teiraka Griffin was coached into saying what she said due to one fact that even a ten year old child surely would remember without incident whether the garage door opened manually or by remote control had he/she been to the residence she/he claimed an assault had occurred. It is obvious the states witness Jerlin Griffin had not been to the home and assumed it had a garage door opener as the garage does look modern and updated from the outside of the residence, but someone who has never frequented the home/residence would not have knowledge of a garage door opener not existing. . .would incriminate himself as the witness has done in this instance.

Petitioner asserts that without "DNA" evidence such as a rape kit having been conducted and or collected, coupled with the photos presented, it is insufficient to warrant guilt because the testimony is not corroborated by the facts. Surely the mitigating evidence would leave a reasonable jury to debate over the facts and/or truthfulness of the witnesses and would conclude a different outcome where he has presented adequate, sufficient evidence establishing his actual innocence and it should warrant encouragement to proceed further, Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S.CT 1597-at 1604 (2000).

The evidence/Photo Exhibits and Sworn Affidavits are very damaging to the case, the story and the facts contradict themselves, and the same thing that convicts you can also prove your innocence.

## Prayer

Petitioner prays that this Honorable Court grants him relief by granting him this his Motion for Consideration to proceed further and knows that a Miscarriage of Justice has occurred by denying him of Actual Innocence where there exists no scientific DNA biological evidence, and the states star witness' testimony has been compromised to great lengths by not collaborating with the facts/established evidence.

Petitioner has claimed from the very beginning Counsel failed/refused to disclose the favorable/mitigating evidence to the jury and/or properly investigate his innocence.

**Exhibit L**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

David E. Sweed
     Plaintiff

DECLARATION
David E. Sweed
Civil Action No.
A-10-CA-393-LY

v. *STATE*
OF
*TEXAS*

I David E. Sweed, hereby declare under no threat or force or promise has any of the Affidavits been presented obtained by the petitioner. Each affidavit was voluntarily submitted.

All photos/Exhibits are of the alleged assault location (garage) located at 19021 Sweed Road in the city of Washington, Washington County, Texas and are in their original state. The scene has not been altered or manipulated in any way for the exception of natural wear and tear.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed:_____, at the Neal Unit, 9055 Spur 591, Amarillo, TX 79107.

_____, ID #01457548



**SUBJECT:** *State briefly the problem on which you desire assistance.*

Please Could you send Me Proof of the Date you gave the letter you gave me yesterday July the 29, 2015 from the 14th Court of Dismissal the letter is 34 days late. I need to Show the Court of Criminal Appeals Letter when was the date I can mail the declaration to Libraxy Thank you for the Date you sent it to the recieving to Libraxy

David E Sween

Name: David E Sween

Living Quarters: O-25   No: 0145345   Unit: Med Unit

Work Assignment: 15 Med 5 P.2

**DISPOSITION:** (Inmate will not write in this space)

We recieved It on the 27th Sweny

I-60 (Rev. 11-90)

*You have received a **jpay** letter, the fastest way to get mail*

From : Raven T Anderson, CustomerID: 3840301
To (Inmate): DAVID EARL SWEED, ID: 01457548
Date : 2/26/2014 5:18:51 PM EST,    Letter ID: 79389114
Location : KN



Exhibit I.

SWORN AFFIDAVIT

I **Raven Anderson** , being duly sworn declare under penalty of perjury that the foregoing instrument is true and correct.

I am a witness to the following truth . The garage door at the Sweed residence does not operate by an electronic door opener. The residence has never had any electronic door opener during the time Mr. David Earl Sweed has resided at the residence located at 19021 Sweed-Road, in the City of Washington, Washington County, Texas 77880. And does not have an electronic garage door opener. Along with these pictures as evidence showing no remote opening the garage door. At the residence above.

Respectfully Submitted,

*Raven Anderson*

OATH BEFORE NOTARY REPUBLIC

State of Texas County of **Brazos** being duly sworn, under oath says that he/she is the applicant in the statement above and knows the content of the statement according to belief, and personal knowledge of the facts stated in the above statement is true and correct.

Respectfully Submitted,

*Raven Anderson*

SUBSCRIBED AND SWORN TO BEFORE ME THIS 24th day of January, 2014 .

*Cheletia M. Johnson*

CHELETIA M. JOHNSON
Notary Public, State of Texas
My Commission Expires
FEBRUARY 16, 2015

Signature of Notary Public

## SWORN AFFIDAVIT

I _TRUMAN SWEED_, being duly sworn declare under penalty of perjury that the foregoing instrument is true and correct.

I am a witness to the following truth. The garage door at the Sweed residence does not operate by an electronic door opener. The residence has never had any electronic door opener during the time Mr. David Earl Sweed has resided at the residence located at <u>19021 Sweed-Road</u>, in the <u>City of Washington</u>, Washington County, Texas <u>77880</u>. And does not have an electronic garage door opener. Along with these pictures as evidence showing no remote opening the garage door. At the residence above.

Respectfully Submitted,

_Truman Sweed_

### OATH BEFORE NOTARY REPUBLIC

State of Texas County of _Brazos_ being duly sworn, under oath says that he/she is the applicant in the statement above and knows the content of the statement according to belief, and personal knowledge of the facts stated in the above statement is true and correct.

Respectfully Submitted,

_Truman Sweed_

SUBSCRIBED AND SWORN TO BEFORE ME THIS _24th_ day of _January_, _2014_.

CHELETIA M. JOHNSON
Notary Public, State of Texas
My Commission Expires
FEBRUARY 16, 2015

_Cheletia M. Johnson_
Signature of Notary Public

## SWORN AFFIDAVIT

I __Marilyn Smith__ , being duly sworn declare under penalty of perjury that the foregoing instrument is true and correct.

I am a witness to the following truth. The garage door at the Sweed residence does not operate by an electronic door opener. The residence has never had any electronic door opener during the time Mr. David Earl Sweed has resided at the residence located at __19021 Sweed-Road__, in the __City of Washington__, Washington County, Texas __77880__. And does not have an electronic garage door opener. Along with these pictures as evidence showing no remote opening the garage door. At the residence above.

Respectfully Submitted,

_Marilyn Smith_

DL# 11023071Tx

### OATH BEFORE NOTARY REPUBLIC

State of Texas County of __HARRIS__ being duly sworn, under oath says that he/she is the applicant in the statement above and knows the content of the statement according to belief, and personal knowledge of the facts stated in the above statement is true and correct.

Respectfully Submitted,

_Marilyn Smith_

DL# 11023071 Tx

SUBSCRIBED AND SWORN TO BEFORE ME THIS __27th__ day of __Jan__ , __2014__ .

_Azir Brohi_
Signature of Notary Public

AZIR BROHI
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES
10-11-2015

*6c*

## Certificate of Service

I hereby certify that a true and correct original typed Motion for Reconsideration with eight (8) Photo Exhibits and three (3) Sworn 'Affidavits and one (1) Declaration of Truth has been pre-postage paid and mailed to the U.S. District Clerk at 200 West 8th Street, Room 130, Austin, TX-78701.

On this the _____ *3rd* _____ day of *August 2015.* ~~A.D. 2014.~~

Respectively Submitted,


David E. Sweed, #01457548
Neal Unit
9055 Spur 591
Amarillo, Texas 79107

SWEED E. D.
To File.